# EXHIBIT A

STARK & STARK
Princeton Pike Corporate Center
993 Lenox Drive, Building 2
P.O. Box 5315
Princeton, NJ 08543-5315
Office Telephone Number:    (609) 896-9060
Attorney(s) for Plaintiff(s)

| | |
|---|---|
| THE ESTATE OF MARIE BENEZIANO, et al.<br><br>Plaintiff(s),<br><br>vs.<br><br>SUNRISE OF LINCROFT, et al.<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>MONMOUTH COUNTY<br>LAW DIVISION<br><br>Docket No. MON-L-001916-11<br><br>**CIVIL ACTION<br>SUMMONS** |

**From The State of New Jersey
To The Defendant(s) Named Above:**      **Prime Care Corp.**

        The Plaintiff(s), named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

        If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

        If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529.) A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5016
TRENTON, NEW JERSEY 09543-9NB

                                        _Jennifer M. Perez_
                                        JENNIFER M. PEREZ
                                        Acting Clerk of the Superior Court

DATED: June 1, 2011
Name of Defendant to be served:              Prime Care Corp.
Address of Defendant to be served:           c/o Sunrise at West Essex Assisted Living
                                             47 Greenbrook Road, Fairfield, NJ 07004

MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1269
FREEHOLD           NJ 07728
(COURT TELEPHONE NO. (732) 677-4240
(COURT HOURS                                    TRACK ASSIGNMENT NOTICE

                                DATE:    APRIL 21, 2011
                                RE:      BENEZIANO ESTATE OF VS SUNRISE OF LINCROFT ESTATE
                                DOCKET:  MON L-001916 11

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

DISCOVERY IS    450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON DAVID F. BAUMAN

        IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:     (732) 677-4249 EXT 4249.

        IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

                        ATTENTION:
                                        ATT: DAVID R. COHEN
                                        STARK & STARK
                                        993 LENOX DRIVE
                                        LAWRENCEVILLE      NJ 08648-2316

JUNCKR1

Jun. 16. 2011  4:18PM                                          No. 8219   P. 4



## CIVIL CASE INFORMATION STATEMENT
### (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c),
if information above the black bar is not completed or
if attorney's signature is not affixed.

| FOR USE BY CLERK'S OFFICE ONLY |
|---|
| PAYMENT TYPE:  CK    CG    CA |
| CHG / CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY NAME<br>David R. Cohen | TELEPHONE NUMBER<br>(609) 896-9060 | COUNTY OF VENUE<br>Monmouth |
|---|---|---|
| FIRM NAME (If Applicable)<br>STARK & STARK, A Professional Corporation | | DOCKET NUMBER (When Available) |
| OFFICE ADDRESS<br>Princeton Pike Corporate Center<br>993 Lenox Drive<br>CN 5315<br>Princeton, New Jersey  08543-5315 | | DOCUMENT TYPE:<br>Complaint |
| | | JURY DEMAND:       [X]   Yes    [ ]   No |
| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Estate of Marie Beneziano, Plaintiff | | CAPTION<br>Re: Estate of Marie Beneziano vs. Sunrise of Lincroft, et al. |

| CASE TYPE NUMBER (See reverse side for listing)<br>607 | IS THIS A PROFESSIONAL MALPRACTICE CASE? [ x ]Yes    [ ] No<br>IF YOU HAVE CHECKED "YES", SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW<br>REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|
| RELATED CASES PENDING?<br>[ ]Yes [ x ] No | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY<br>PARTIES (arising out of same transaction or<br>occurrence)?    [ ]Yes [ x ]No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF<br>KNOWN<br><br>[ ] NONE     [ x ] UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST<br>OR RECURRENT RELATIONSHIP?<br>[ ]Yes [ x ]No | IF YES, IS<br>THAT<br>RELATIONSHIP | [ ] EMPLOYER-EMPLOYEE<br>[ ] FAMILIAL<br>[ ] FRIEND/NEIGHBOR<br>[ ] BUSINESS<br>[ ] OTHER (explain) |
|---|---|---|

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY
THE LOSING PARTY?           [ x ]Yes                              [ ]No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS
THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

DO YOU OR YOUR CLIENT NEED ANY DISABILITIES ACCOMMODATIONS?

[ ] Yes          [ x ] No          IF YES, PLEASE IDENTIFY:

WILL AN INTERPRETER BE NEEDED?

[ ] Yes          [ x ] No          IF YES, FOR WHAT LANGUAGE:

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be
redacted from all documents submitted in the future in accordance with Rule 1:38-7(b)

ATTORNEY SIGNATURE:

David R. Cohen, Esquire



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule 4:5-1*

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

**Track III - 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**
- 280 ZELNORM
- 285 STRYKER TRIDENT HIP IMPLANTS
- 288 PRUDENTIAL TORT LITIGATION

- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH (Johnson & Johnson)
- 292 PELVIC MESH (Bard)

**Mass Tort (Track IV)**
- 248 CIBA GEIGY
- 266 HORMONE REPLACEMENT THERAPY (HRT)
- 271 ACCUTANE
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 275 ORTHO EVRA
- 277 MAHWAH TOXIC DUMP SITE
- 278 ZOMETA/AREDIA
- 279 GADOLINIUM

- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 283 DIGITEK
- 284 NUVARING
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 601 ASBESTOS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics".

**Please check off each applicable category**   ☐ Putative Class Action   ☐ Title 59

STARK & STARK
Princeton Pike Corporate Center
993 Lenox Drive, Building 2
P.O. Box 5315
Princeton, NJ 08543-5315
(609) 896-9060
By: David R. Cohen, Esquire
Attorney(s) for: Plaintiff(s)



---

The ESTATE OF MARIE BENEZIANO, by
and through her Executrices, DIANE QUADE
and SUSAN PROVENCE

                            Plaintiff(s)

vs.

SUNRISE OF LINCROFT;
PRIME CARE ONE, LLC;
PCI, LLC;
PRIME CARE CORP.;
SUNRISE SENIOR LIVING, INC;
SUNRISE SENIOR LIVING
MANAGEMENT, INC;
ABC COMPANIES (1-10);
DEF PARTNERSHIPS (1-10);
JOHN DOE PHYSICIANS (1-10);
JANE DOE NURSES (1-20);
JANE MOE TECHNICIANS (1-10) AND
CNAs AND PARAMEDICAL EMPLOYEES
(1-20);

                            Defendant(s)

SUPERIOR COURT OF
NEW JERSEY

MONMOUTH COUNTY
LAW DIVISION

Docket No. MON-L-1916-11

**CIVIL ACTION**

**COMPLAINT**

**JURY DEMAND**

**DEMAND FOR PRODUCTION
OF COMPLETE CERTIFIED
COLOR COPY OF MEDICAL
AND NURSING RECORDS AND
ANY PHOTOGRAPHS**

**DEMAND FOR NURSE AIDES'
RECORDS**

**DEMAND FOR PRODUCTION
OF POLICIES AND
PROCEDURES**

**DEMAND FOR ANSWERS TO
FORM C AND C(3)
INTERROGATORIES**

**DEMAND FOR ANSWERS TO
SUPPLEMENTAL
INTERROGATORIES**

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NEW JERSEY 08543-5315

Plaintiff, The ESTATE OF MARIE BENEZIANO, by and through her

Executrices, DIANE QUADE and SUSAN PROVENCE, residing at 116 Broadway Ave,

Freehold, State of New Jersey, by way of Complaint, say:

## FACTS COMMON TO ALL COUNTS

1.       Defendants, SUNRISE OF LINCROFT; PRIME CARE ONE, LLC; PCI,

LLC; PRIME CARE CORP.; SUNRISE SENIOR LIVING, INC; SUNRISE SENIOR

LIVING MANAGEMENT, INC; ABC COMPANIES (1-10); DEF PARTNERSHIPS (1-

10); JOHN DOE PHYSICIANS (1-10); JANE DOE NURSES (1-20); and JANE MOE

TECHNICIANS (1-10) AND CNAs AND PARAMEDICAL EMPLOYEES (1-20); at all

relevant times owned, directed, leased, managed, controlled, supervised and/or otherwise

operated an assisted living facility licensed nursing home, long term health care facility

and/or a nursing facility of the State of New Jersey as defined by N.J.S.A. 30:13-2(c),

N.J.A.C. 8:36-1.3, N.J.A.C. 8:39-1.2 and 42 C.F.R., Section 483.5, respectively, and

are/were otherwise subject to the requirements of State and Federal law, with

offices/facilities located at 734 Newman Springs Road, Lincroft, State of New Jersey;

and held themselves out to the public as such.

2.       Plaintiff's decedent, MARIE BENEZIANO, from on or about February

23, 2008, through on or about May 7, 2009, and at all relevant times, was a resident of

Defendant facility commonly known as SUNRISE OF LINCROFT.

3.       On or about said dates and at all relevant times, Defendants, ABC

COMPANIES (1-10) and DEF PARTNERSHIPS (1-10), are fictitious designations,

representing one or more individuals, sole proprietorships, associations, management

companies, limited partnerships, general partnerships, limited liability companies and/or

2

corporations, who are liable for the negligent acts and/or omissions of all of the Defendants named in this Complaint and whose business/corporate entities are presently unknown to the Plaintiff, and who provided negligent services and deviated from the accepted standard of care with respect to Plaintiff's decedent, MARIE BENEZIANO, causing the damages, losses, and injuries set forth in this complaint.

4.      On or about said dates and at all relevant times, Defendants, JOHN DOE PHYSICIANS (1-10), were physicians who are at present unknown to the Plaintiff herein and are thus fictitiously designated, and who provided negligent services and deviated from the accepted standard of care with respect to Plaintiff's decedent, MARIE BENEZIANO, causing the damages, losses, and injuries set forth in this Complaint.

5.      On or about said dates and at all relevant times, Defendants, JANE DOE NURSES (1-20), were nurses who are at present unknown to the Plaintiff and are thus fictitiously designated, and who provided negligent services and deviated from the accepted standard of care with respect to Plaintiff's decedent, MARIE BENEZIANO, causing the damages, losses, and injuries set forth in this Complaint.

6.      On or about said dates and at all relevant times, Defendants, JANE MOE TECHNICIANS (1-10) AND CNAs AND PARAMEDICAL EMPLOYEES (1-20), were technicians, CNAs, nurse aides and/or paramedical employees who are at present unknown to the Plaintiff and are thus fictitiously designated, and who provided negligent services and deviated from the accepted standard of care with respect to Plaintiff's decedent, MARIE BENEZIANO, causing the damages, losses, and injuries set forth in this Complaint.

7.      On or about said dates and at all relevant times, under New Jersey and Federal laws, regulations and/or administrative codes, Defendants, SUNRISE OF LINCROFT; PRIME CARE ONE, LLC; PCI, LLC; PRIME CARE CORP.; SUNRISE SENIOR LIVING, INC; SUNRISE SENIOR LIVING MANAGEMENT, INC; ABC COMPANIES (1-10); DEF PARTNERSHIPS (1-10); JOHN DOE PHYSICIANS (1-10); JANE DOE NURSES (1-20); and JANE MOE TECHNICIANS (1-10) AND CNAs AND PARAMEDICAL EMPLOYEES (1-20); its corporate officers, designees, directors, agents, servants and/or employees, were solely responsible for the nursing and medical care and treatment of Plaintiff's decedent, MARIE BENEZIANO, and had a non-delegable duty to exercise reasonable care toward her and to comply with accepted standards.

8.      In addition to being directly liable for the wrongful acts detailed herein, Plaintiff pleads that Defendants, SUNRISE OF LINCROFT; PRIME CARE ONE, LLC; PCI, LLC; PRIME CARE CORP.; SUNRISE SENIOR LIVING, INC; SUNRISE SENIOR LIVING MANAGEMENT, INC; ABC COMPANIES (1-10); DEF PARTNERSHIPS (1-10); JOHN DOE PHYSICIANS (1-10); JANE DOE NURSES (1-20); and JANE MOE TECHNICIANS (1-10) AND CNAs AND PARAMEDICAL EMPLOYEES (1-20); are also indirectly liable and responsible for each and every act and omission stated herein and the resulting damages.  More specifically, Defendants are indirectly liable and responsible for the wrongful conduct detailed herein under one or more of the following alternative legal theories:

a) Alter Ego:  At all times material to this lawsuit, Defendants, SUNRISE OF LINCROFT; PRIME CARE ONE, LLC; PCI, LLC; PRIME CARE

CORP.; SUNRISE SENIOR LIVING, INC; SUNRISE SENIOR LIVING

MANAGEMENT, INC; ABC COMPANIES (1-10); DEF PARTNERSHIPS (1-10);

JOHN DOE PHYSICIANS (1-10); JANE DOE NURSES (1-20); and JANE MOE

TECHNICIANS (1-10) AND CNAs AND PARAMEDICAL EMPLOYEES (1-20); were

alter egos of one another.  Furthermore, Defendant, SUNRISE OF LINCROFT, was a

subsidiary and the alter ego of the other Defendants.  Defendant, SUNRISE OF

LINCROFT, was a mere conduit through which the other Defendants did business and

the management and operations of SUNRISE OF LINCROFT were so assimilated within

the other Defendants that SUNRISE OF LINCROFT was simply a name through which

the other Defendants conducted their business.  Moreover, Defendants represented to the

public that SUNRISE OF LINCROFT was part of one single economic enterprise.  The

other Defendants dominated and controlled the business affairs of SUNRISE OF

LINCROFT such that SUNRISE OF LINCROFT was organized and operated as a tool of

the other Defendants.

   b)  Agency:  At all times material to this lawsuit, Defendants,

SUNRISE OF LINCROFT; PRIME CARE ONE, LLC; PCI, LLC; PRIME CARE

CORP.; SUNRISE SENIOR LIVING, INC; SUNRISE SENIOR LIVING

MANAGEMENT, INC; ABC COMPANIES (1-10); DEF PARTNERSHIPS (1-10);

JOHN DOE PHYSICIANS (1-10); JANE DOE NURSES (1-20); and JANE MOE

TECHNICIANS (1-10) AND CNAs AND PARAMEDICAL EMPLOYEES (1-20); acted

as agents for one another and ratified or authorized the acts or omissions of one or more

of the other Defendants.  Defendants held themselves out as being one unified enterprise

and operation known as SUNRISE OF LINCROFT.

5

c)  Joint Enterprise:  In the alternative, to the extent that

Defendants, SUNRISE OF LINCROFT; PRIME CARE ONE, LLC; PCI, LLC; PRIME

CARE CORP.; SUNRISE SENIOR LIVING, INC; SUNRISE SENIOR LIVING

MANAGEMENT, INC; ABC COMPANIES (1-10); DEF PARTNERSHIPS (1-10);

JOHN DOE PHYSICIANS (1-10); JANE DOE NURSES (1-20); and JANE MOE

TECHNICIANS (1-10) AND CNAs AND PARAMEDICAL EMPLOYEES (1-20); are

found to be separate legal entities, Defendants each remain liable for the acts and

omissions of each other because the Defendants engaged in a joint venture and enterprise

to act in concert in the operation, management, and maintenance of the Defendant

facility.  Defendants agreed to a common purpose of operating, managing, and

maintaining the Defendant facility.  Defendants had equal rights to control their venture

as a whole, as well as to control the operation and management of Defendant facility.

## COUNT ONE
### Negligence

9.      Plaintiff, The ESTATE OF MARIE BENEZIANO, by and through her

Executrices, DIANE QUADE and SUSAN PROVENCE, hereby incorporates each and

every allegation contained in paragraphs 1- 8 of this Complaint as if set forth at length

herein.

10.      On or about said dates and at all relevant times, the Plaintiff's decedent,

MARIE BENEZIANO, was under the care of said Defendants, SUNRISE OF

LINCROFT; PRIME CARE ONE, LLC; PCI, LLC; PRIME CARE CORP.; SUNRISE

SENIOR LIVING, INC; SUNRISE SENIOR LIVING MANAGEMENT, INC; ABC

COMPANIES (1-10); DEF PARTNERSHIPS (1-10); JOHN DOE PHYSICIANS (1-10);

JANE DOE NURSES (1-20); and JANE MOE TECHNICIANS (1-10) AND CNAs AND

STARK & STARK
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON NEW JERSEY 08543-5315

6

PARAMEDICAL EMPLOYEES (1-20); its corporate officers, designees, directors, agents, servants and/or employees were solely responsible for the nursing and medical care and treatment of Plaintiff's decedent, MARIE BENEZIANO, and had a non-delegable duty to exercise reasonable care toward her and to comply with accepted standards.

11.      On or about said dates and/or at all other legally compensable times, each and all of the Defendants deviated from the standard of care applicable to them in their respective capacities and each and all of the Defendants were negligent, exercised willful and wanton disregard for the safety and well being of Plaintiff's decedent, MARIE BENEZIANO, were grossly negligent, failed to allocate sufficient resources to adequately provide for Plaintiff's decedent, and otherwise failed to exercise reasonable care toward the Plaintiff's decedent, MARIE BENEZIANO.

12.      As a proximate result of the numerous said deviations, carelessness, recklessness, misconduct and negligence by each and all of the Defendants, SUNRISE OF LINCROFT; PRIME CARE ONE, LLC; PCI, LLC; PRIME CARE CORP.; SUNRISE SENIOR LIVING, INC; SUNRISE SENIOR LIVING MANAGEMENT, INC; ABC COMPANIES (1-10); DEF PARTNERSHIPS (1-10); JOHN DOE PHYSICIANS (1-10); JANE DOE NURSES (1-20); and JANE MOE TECHNICIANS (1-10) AND CNAs AND PARAMEDICAL EMPLOYEES (1-20); the Plaintiff's decedent, MARIE BENEZIANO, while on the premises and/or under the care of Defendants, suffered, endured, and experienced, including but not limited to: improper treatments, an inadequate service plan, bruises, lacerations, a lack of allocation of resources from the managers and/or owners and/or administrators of the facility, extreme

STARK & STARK
*[illegible]*
*[illegible]*
*[illegible]*
*[illegible]*
*[illegible]*

pain and discomfort, mental and emotional anguish, a signific

life, deprivation of dignity, general neglect and lack of care; h

and expenses for medical care and treatment, and has ultimate

premature death.

13.    The Estate of Plaintiff's decedent, MARIE BE

and in fact paid for funeral and burial expenses and charges f

MARIE BENEZIANO.

14.    The Plaintiff's decedent, MARIE BENEZIAN

members, including but not limited to, her daughters, DIANI

PROVENCE, who by reason of Plaintiff's decedent's wrong

Prior to the death of Plaintiff's decedent, MARIE BENEZIA

DIANE QUADE AND SUSAN PROVENCE were deprived

companionship of Plaintiff's decedent, MARIE BENEZIAN

15.    Plaintiff brings this action pursuant to the pro

Wrongful Death Act, N.J.S.A. 2A:31-1, et seq., for the bene

Plaintiff's decedent, MARIE BENEZIANO, and pursuant to

16.    This action is commenced within two (2) yea

decedent, which occurred on or about May 7, 2009.

WHEREFORE, Plaintiff, The ESTATE OF MARIE

through her Executrices, DIANE QUADE and SUSAN PR

for damages generally against the Defendants, SUNRISE C

CARE ONE, LLC; PCI, LLC; PRIME CARE CORP.; SUI

INC; SUNRISE SENIOR LIVING MANAGEMENT, INC

STARK & STARK

8

pain and discomfort, mental and emotional anguish, a significantly decreased quality of
life, deprivation of dignity, general neglect and lack of care; has incurred substantial costs
and expenses for medical care and treatment, and has ultimately suffered an untimely and
premature death.

13.     The Estate of Plaintiff's decedent, MARIE BENEZIANO, was liable for,
and in fact paid for funeral and burial expenses and charges for the Plaintiff's decedent,
MARIE BENEZIANO.

14.     The Plaintiff's decedent, MARIE BENEZIANO, left multiple family
members, including but not limited to, her daughters, DIANE QUADE AND SUSAN
PROVENCE, who by reason of Plaintiff's decedent's wrongful death, have suffered.
Prior to the death of Plaintiff's decedent, MARIE BENEZIANO, and subsequent thereto,
DIANE QUADE AND SUSAN PROVENCE were deprived of the society and
companionship of Plaintiff's decedent, MARIE BENEZIANO.

15.     Plaintiff brings this action pursuant to the provision of the New Jersey
Wrongful Death Act, N.J.S.A. 2A:31-1, et seq., for the benefit of the next of kin of the
Plaintiff's decedent, MARIE BENEZIANO, and pursuant to N.J.S.A. 2A-15-3.

16.     This action is commenced within two (2) years of the death of Plaintiff's
decedent, which occurred on or about May 7, 2009.

WHEREFORE, Plaintiff, The ESTATE OF MARIE BENEZIANO, by and
through her Executrices, DIANE QUADE and SUSAN PROVENCE, demands judgment
for damages generally against the Defendants, SUNRISE OF LINCROFT; PRIME
CARE ONE, LLC; PCI, LLC; PRIME CARE CORP.; SUNRISE SENIOR LIVING,
INC; SUNRISE SENIOR LIVING MANAGEMENT, INC; ABC COMPANIES (1-10);

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON NEW JERSEY 08543-5315

8

DEF PARTNERSHIPS (1-10); JOHN DOE PHYSICIANS (1-10); JANE DOE NURSES

(1-20); and JANE MOE TECHNICIANS (1-10) AND CNAs AND PARAMEDICAL

EMPLOYEES (1-20); individually, jointly, severally, or in the alternative, together with

attorney's fees, interest, and costs of suit.

**COUNT TWO**
**Negligence Per Se**

17.     Plaintiff, The ESTATE OF MARIE BENEZIANO, by and through her

Executrices, DIANE QUADE and SUSAN PROVENCE, hereby incorporates each and

every allegation contained in paragraphs 1- 16 of this Complaint as if set forth at length

herein.

18.     In addition to the aforementioned negligent acts contained in Count One

of this Complaint, the Defendants, SUNRISE OF LINCROFT; PRIME CARE ONE,

LLC; PCI, LLC; PRIME CARE CORP.; SUNRISE SENIOR LIVING, INC; SUNRISE

SENIOR LIVING MANAGEMENT, INC; ABC COMPANIES (1-10); DEF

PARTNERSHIPS (1-10); JOHN DOE PHYSICIANS (1-10); JANE DOE NURSES (1-

20); and JANE MOE TECHNICIANS (1-10) AND CNAs AND PARAMEDICAL

EMPLOYEES (1-20); violated the Omnibus Budget Reconciliation Act (O.B.R.A.)

(1987), 42 C.F.R. §483 et seq.; as well as New Jersey Statutes and Regulations including

but not limited to New Jersey Administrative Code, 8:36-1 et seq., which establish the

minimum standards of care to be followed by Defendants, including but not limited to the

following:

a.     Pursuant to 42 C.F.R., Section 483.10, the Defendants and

their staff had a duty to assure that residents' rights were followed and to assure that each

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 949
PRINCETON  NEW JERSEY 08543-0949

9

resident, including Plaintiff, had a dignified existence and the right to exercise her rights

as a resident and citizen of the United States.

        b.    Pursuant to 42 C.F.R., Section 483.13(c) the Defendants

and their staff had a duty to develop and implement written policies and procedures that

prohibit resident neglect.

        c.    Pursuant to 42 C.F.R., Section 483.15(a), the facility must

promote care for residents in a manner and in an environment that maintains or enhances

each resident's dignity and respect in full recognition of her or her individuality.

        d.    Pursuant to 42 C.F.R, Section 483.20 the defendants and

their staff had a duty and obligation to conduct initially and periodically a

comprehensive, accurate, standardized and reproducible assessments of each resident's

functional capacity.

        e.    Pursuant to 42 C.F.R., Section 483.25(h), the defendants

and their staff had a duty to insure that the resident's environment remained free of

accident hazards and that each resident received adequate supervision and assistance to

prevent accidents.

        f.    Pursuant to 42 C.F.R. Section 483.30, the Defendants and

their staff had a duty to provide sufficient nursing staff to provide nursing and related

services to attain or maintain the highest practicable physical, mental, and psychosocial

well-being of each resident, as determined by the resident's assessment and individual

plans of care.

        g.    Pursuant to 42 C.F.R., Section 483.75, the Defendants and

their staff had a duty to administer the nursing home in a manner that enabled it to use its

STARK & STARK
ATTORNEYS AT LAW
PO BOX 5315
PRINCETON, NEW JERSEY 08543-5315

resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychosocial well-being of each resident. The facility is further required to operate and provide services and compliance with all applicable federal, state and local laws, regulations, and codes with accepted professional standards.

        h.      Pursuant to N.J.A.C. 8:36-4.1(a)(2), each resident is entitled to receive a level of care and services that address the resident's changing physical and psycho-social status.

        i.      Pursuant to N.J.A.C 8:36-4.1(a)(3), each resident is entitled to be treated with respect, courtesy, consideration and dignity.

        j.      Pursuant to N.J.A.C. 8:36-4.1(a)(16), each resident is entitled to be free from physical and mental abuse and/or neglect.

        k.      Pursuant to N.J.A.C. 8:36-4.1(22), each resident is entitled to live in safe and clean conditions in a facility that does not admit more residents than it can safely accommodate while providing services and care.

        l.      Pursuant to N.J.A.C. 8:36-5.1(d), the facility shall provide nursing services to maintain residents, including residents who require nursing home level of care.

        m.      Pursuant to N.J.A.C. 8:36-5.1(c), the facility shall employ staff in sufficient number and with sufficient ability and training to provide the basic resident care, assistance, and supervision required, based on assessment of the acuity of the resident's needs.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
PRINCETON PIKE
P.O. BOX 5315
PRINCETON NEW JERSEY 08543-5315

11

n.     Pursuant to N.J.A.C. 8:36-7.3, the facility shall review the general and health service plan as needed based upon the resident's response to the care provided and any changes in the resident's physical or cognitive status.

o.     Pursuant to any other State or Federal statutes, rules, or regulations as may be defined in discovery.

19.    Each and all of the Defendants deviated from the aforementioned standard of care applicable to them in their respective capacities and each and all of the Defendants were negligent and failed to exercise reasonable care toward the Plaintiff's decedent, MARIE BENEZIANO.

20.    The aforesaid acts of negligence were due solely to the negligence and carelessness of the Defendants, SUNRISE OF LINCROFT; PRIME CARE ONE, LLC; PCI, LLC; PRIME CARE CORP.; SUNRISE SENIOR LIVING, INC; SUNRISE SENIOR LIVING MANAGEMENT, INC; ABC COMPANIES (1-10); DEF PARTNERSHIPS (1-10); JOHN DOE PHYSICIANS (1-10); JANE DOE NURSES (1-20); and JANE MOE TECHNICIANS (1-10) AND CNAs AND PARAMEDICAL EMPLOYEES (1-20); and acting as aforesaid,  were due in no manner whatsoever to any act or failure to act on the part of the Plaintiff's decedent, MARIE BENEZIANO.

21.    Plaintiff's decedent, MARIE BENEZIANO, is amongst the class of persons the aforementioned State and Federal administrative statutes and/or codes and/or regulations were designed to protect.  As such, Plaintiff asserts that she is entitled to adopt such as the standard of care governing Defendants' conduct in this matter.  Thus, Plaintiff asserts that as a matter of law, Defendants' alleged conduct amounted to negligence *per se*.

22.     As a direct and proximate result of the aforesaid negligence and breaches in the standard of care, Plaintiff's decedent suffered, endured, and experienced, including but not limited to: improper treatments, an inadequate service plan, bruises, lacerations, a lack of allocation of resources from the managers and/or owners and/or administrators of the facility, extreme pain and discomfort, mental and emotional anguish, a significantly decreased quality of life, deprivation of dignity, general neglect and lack of care; has incurred substantial costs and expenses for medical care and treatment; and has ultimately suffered an untimely and premature death.

WHEREFORE, Plaintiff, The ESTATE OF MARIE BENEZIANO, by and through her Executrices, DIANE QUADE and SUSAN PROVENCE, demands judgment for damages generally against the Defendants, SUNRISE OF LINCROFT; PRIME CARE ONE, LLC; PCI, LLC; PRIME CARE CORP.; SUNRISE SENIOR LIVING, INC; SUNRISE SENIOR LIVING MANAGEMENT, INC; ABC COMPANIES (1-10); DEF PARTNERSHIPS (1-10); JOHN DOE PHYSICIANS (1-10); JANE DOE NURSES (1-20); and JANE MOE TECHNICIANS (1-10) AND CNAs AND PARAMEDICAL EMPLOYEES (1-20); individually, jointly, severally, or in the alternative, together with attorney's fees, interest, and costs of suit.

## COUNT THREE
### New Jersey Nursing Home Responsibilities and Rights of Residents Act

23.     Plaintiff, The ESTATE OF MARIE BENEZIANO, by and through her Executrices, DIANE QUADE and SUSAN PROVENCE, hereby incorporates each and every allegation contained in paragraphs 1- 22 of this Complaint as if set forth at length herein.

STARK & STARK
...
...
...
...

13

24.    At all relevant times, Defendants, SUNRISE OF LINCROFT; PRIME

CARE ONE, LLC; PCI, LLC; PRIME CARE CORP.; SUNRISE SENIOR LIVING,

INC; SUNRISE SENIOR LIVING MANAGEMENT, INC; ABC COMPANIES (1-10);

DEF PARTNERSHIPS (1-10); JOHN DOE PHYSICIANS (1-10); JANE DOE NURSES

(1-20); and JANE MOE TECHNICIANS (1-10) AND CNAs AND PARAMEDICAL

EMPLOYEES (1-20); operated a "nursing home" as defined by N.J.S.A. 30:13-2(c).

25.    At all relevant times, Plaintiff's decedent, MARIE BENEZIANO, was a

"resident" of Defendant's facility as defined by N.J.S.A. 30:13-2(e).

26.    Pursuant to N.J.S.A. 30:13-1, et seq., Defendants, SUNRISE OF

LINCROFT; PRIME CARE ONE, LLC; PCI, LLC; PRIME CARE CORP.; SUNRISE

SENIOR LIVING, INC; SUNRISE SENIOR LIVING MANAGEMENT, INC; ABC

COMPANIES (1-10); DEF PARTNERSHIPS (1-10); JOHN DOE PHYSICIANS (1-10);

JANE DOE NURSES (1-20); and JANE MOE TECHNICIANS (1-10) AND CNAs AND

PARAMEDICAL EMPLOYEES (1-20); were at all times required to comply with the

New Jersey Nursing Home Responsibilities and Rights of Residents Act.

27.    Defendants, SUNRISE OF LINCROFT; PRIME CARE ONE, LLC; PCI,

LLC; PRIME CARE CORP.; SUNRISE SENIOR LIVING, INC; SUNRISE SENIOR

LIVING MANAGEMENT, INC; ABC COMPANIES (1-10); DEF PARTNERSHIPS (1-

10); JOHN DOE PHYSICIANS (1-10); JANE DOE NURSES (1-20); and JANE MOE

TECHNICIANS (1-10) AND CNAs AND PARAMEDICAL EMPLOYEES (1-20);

failed to ensure, preserve and/or otherwise provide for the rights of Plaintiff's decedent,

MARIE BENEZIANO, as enumerated in N.J.S.A. 30:13-1, et. seq. and New Jersey

Common Law.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
PRINCETON PIKE
PO BOX 5315
PRINCETON, NEW JERSEY 08543-5315

14

28.     As a direct and proximate result of the violations of N.J.S.A. 30:13-1, et seq., Plaintiff's decedent, MARIE BENEZIANO, suffered, endured, and experienced, including but not limited to: improper treatments, an inadequate service plan, bruises, lacerations, a lack of allocation of resources from the managers and/or owners and/or administrators of the facility, extreme pain and discomfort, mental and emotional anguish, a significantly decreased quality of life, deprivation of dignity, general neglect and lack of care; has incurred substantial costs and expenses for medical care and treatment; and has ultimately suffered an untimely and premature death.

29.     The acts and omissions of Defendants, referenced in this Count in violation of N.J.S.A. 30:13-1, et seq., including N.J.S.A. 30:13-5(a-m), are sufficient under New Jersey Common Law, Federal Law, and under N.J.S.A. 30:13-4.2 and N.J.S.A. 30:13-8, to constitute a claim for general damages, compensatory damages, punitive damages, attorney's fees, interest, and costs of suit.

WHEREFORE, Plaintiff, The ESTATE OF MARIE BENEZIANO, by and through her Executrices, DIANE QUADE and SUSAN PROVENCE, demands judgment for general, compensatory and punitive damages, against the Defendants, SUNRISE OF LINCROFT; PRIME CARE ONE, LLC; PCI, LLC; PRIME CARE CORP.; SUNRISE SENIOR LIVING, INC; SUNRISE SENIOR LIVING MANAGEMENT, INC; ABC COMPANIES (1-10); DEF PARTNERSHIPS (1-10); JOHN DOE PHYSICIANS (1-10); JANE DOE NURSES (1-20); and JANE MOE TECHNICIANS (1-10) AND CNAs AND PARAMEDICAL EMPLOYEES (1-20); individually, jointly, severally, or in the alternative, together with attorney's fees, interest, and costs of suit.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
P.O. BOX 5315
993 LENOX DRIVE, LAWRENCEVILLE, NJ 08648

## COUNT FOUR
### Consumer Fraud

30.     Plaintiff, The ESTATE OF MARIE BENEZIANO, by and through her Executrices, DIANE QUADE and SUSAN PROVENCE, hereby incorporates each and every allegation contained in paragraphs 1- 29 of this Complaint as if set forth at length herein.

31.     The actions of the Defendants, SUNRISE OF LINCROFT; PRIME CARE ONE, LLC; PCI, LLC; PRIME CARE CORP.; SUNRISE SENIOR LIVING, INC; SUNRISE SENIOR LIVING MANAGEMENT, INC; ABC COMPANIES (1-10); DEF PARTNERSHIPS (1-10); JOHN DOE PHYSICIANS (1-10); JANE DOE NURSES (1-20); and JANE MOE TECHNICIANS (1-10) AND CNAs AND PARAMEDICAL EMPLOYEES (1-20); and their representations and misrepresentations regarding the level of care to be delivered by their facilities to Plaintiff's decedent, were in fact known to be false by the Defendants at the time they were so made.

32.     At all times relevant times, Defendants falsely, fraudulently, and with intent to defraud, represented to Plaintiff's decedent, MARIE BENEZIANO, and her family, that Defendants would provide an excellent quality of care and follow the accepted standards of care related to the care and treatment of an assisted living resident.

33.     Plaintiff's decedent and family reasonably relied and acted upon the representations made by the Defendants.

34.     As a result of the Defendants' deliberate and knowing misrepresentations and omissions concerning the quality of care to be delivered to Plaintiff's decedent, MARIE BENEZIANO, by Defendants' facilities, Plaintiff's decedent suffered damages.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
PRINCETON PIKE
CORPORATE CENTER
PRINCETON NJ 08543-5315

16

WHEREFORE, Plaintiff, The ESTATE OF MARIE BENEZIANO, by and through her Executrices, DIANE QUADE and SUSAN PROVENCE, demands judgment against the Defendants, SUNRISE OF LINCROFT; PRIME CARE ONE, LLC; PCI, LLC; PRIME CARE CORP.; SUNRISE SENIOR LIVING, INC; SUNRISE SENIOR LIVING MANAGEMENT, INC; ABC COMPANIES (1-10); DEF PARTNERSHIPS (1-10); JOHN DOE PHYSICIANS (1-10); JANE DOE NURSES (1-20); and JANE MOE TECHNICIANS (1-10) AND CNAs AND PARAMEDICAL EMPLOYEES (1-20); for compensatory and punitive damages, together with interest, costs of suit, attorney's fees, and any such other additional relief as this Court may deem necessary and proper.

### COUNT FIVE
### Negligent Supervision

35.    Plaintiff, The ESTATE OF MARIE BENEZIANO, by and through her Executrices, DIANE QUADE and SUSAN PROVENCE, hereby incorporates each and every allegation contained in paragraphs 1- 34 of this Complaint as if set forth at length herein.

36.    At all relevant times hereto, Defendants, SUNRISE OF LINCROFT; PRIME CARE ONE, LLC; PCI, LLC; PRIME CARE CORP.; SUNRISE SENIOR LIVING, INC; SUNRISE SENIOR LIVING MANAGEMENT, INC; ABC COMPANIES (1-10); DEF PARTNERSHIPS (1-10); JOHN DOE PHYSICIANS (1-10); JANE DOE NURSES (1-20); and JANE MOE TECHNICIANS (1-10) AND CNAs AND PARAMEDICAL EMPLOYEES (1-20); knew or should have known that their residents were elderly and/or disabled and in need of particular care and supervision.

STARK & STARK

17

37.    Defendants, SUNRISE OF LINCROFT; PRIME CARE ONE, LLC; PCI,

LLC; PRIME CARE CORP.; SUNRISE SENIOR LIVING, INC; SUNRISE SENIOR

LIVING MANAGEMENT, INC; ABC COMPANIES (1-10); DEF PARTNERSHIPS (1-

10); JOHN DOE PHYSICIANS (1-10); JANE DOE NURSES (1-20); and JANE MOE

TECHNICIANS (1-10) AND CNAs AND PARAMEDICAL EMPLOYEES (1-20);

failed to exercise adequate care in the supervision of their elderly and/or disabled

residents, such as the Plaintiff's decedent, MARIE BENEZIANO, to whom they owed

such a duty.

38.    As a direct and proximate result of the aforesaid carelessness, recklessness

and negligence of the Defendants, SUNRISE OF LINCROFT; PRIME CARE ONE,

LLC; PCI, LLC; PRIME CARE CORP.; SUNRISE SENIOR LIVING, INC; SUNRISE

SENIOR LIVING MANAGEMENT, INC; ABC COMPANIES (1-10); DEF

PARTNERSHIPS (1-10); JOHN DOE PHYSICIANS (1-10); JANE DOE NURSES (1-

20); and JANE MOE TECHNICIANS (1-10) AND CNAs AND PARAMEDICAL

EMPLOYEES (1-20); the Plaintiff, MARIE BENEZIANO, sustained severe personal

injuries of both a permanent and temporary nature, was forced to endure great pain and

suffering, and was forced to incur medical expenses for the care and treatment of said

injuries; and has ultimately suffered an untimely and premature death.

WHEREFORE, Plaintiff, The ESTATE OF MARIE BENEZIANO, by and

through her Executrices, DIANE QUADE and SUSAN PROVENCE, demands judgment

for general, compensatory and punitive damages, against the Defendants, SUNRISE OF

LINCROFT; PRIME CARE ONE, LLC; PCI, LLC; PRIME CARE CORP.; SUNRISE

SENIOR LIVING, INC; SUNRISE SENIOR LIVING MANAGEMENT, INC; ABC

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315

COMPANIES (1-10); DEF PARTNERSHIPS (1-10); JOHN DOE PHYSICIANS (1-10);

JANE DOE NURSES (1-20); and JANE MOE TECHNICIANS (1-10) AND CNAs AND

PARAMEDICAL EMPLOYEES (1-20); individually, jointly, severally, or in the

alternative, together with attorney's fees, interest, and costs of suit.

## COUNT SIX
### Negligent Hiring

39.     Plaintiff, The ESTATE OF MARIE BENEZIANO, by and through her

Executrices, DIANE QUADE and SUSAN PROVENCE, hereby incorporates each and

every allegation contained in paragraphs 1- 38 of this Complaint as if set forth at length

herein.

40.     Defendants, SUNRISE OF LINCROFT; PRIME CARE ONE, LLC; PCI,

LLC; PRIME CARE CORP.; SUNRISE SENIOR LIVING, INC; SUNRISE SENIOR

LIVING MANAGEMENT, INC; ABC COMPANIES (1-10); DEF PARTNERSHIPS (1-

10); JOHN DOE PHYSICIANS (1-10); JANE DOE NURSES (1-20); and JANE MOE

TECHNICIANS (1-10) AND CNAs AND PARAMEDICAL EMPLOYEES (1-20); are

responsible for hiring competent administrators, supervisors, managers, nurses, CNAs

and any other personnel necessary to oversee and monitor the treatment at SUNRISE OF

LINCROFT of its residents such as Plaintiff's decedent, MARIE BENEZIANO.

41.     The administrators, managers, supervisors, nurses, CNAs and other

personnel hired by Defendants, SUNRISE OF LINCROFT; PRIME CARE ONE, LLC;

PCI, LLC; PRIME CARE CORP.; SUNRISE SENIOR LIVING, INC; SUNRISE

SENIOR LIVING MANAGEMENT, INC; ABC COMPANIES (1-10); DEF

PARTNERSHIPS (1-10); JOHN DOE PHYSICIANS (1-10); JANE DOE NURSES (1-

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
PRINCETON PIKE CORPORATE CENTER
PO BOX 5315
PRINCETON, NEW JERSEY 08543-5315

20); and JANE MOE TECHNICIANS (1-10) AND CNAs AND PARAMEDICAL

EMPLOYEES (1-20); failed to exercise due care in monitoring the residents.

42.     Defendants, SUNRISE OF LINCROFT; PRIME CARE ONE, LLC; PCI,

LLC; PRIME CARE CORP.; SUNRISE SENIOR LIVING, INC; SUNRISE SENIOR

LIVING MANAGEMENT, INC; ABC COMPANIES (1-10); DEF PARTNERSHIPS (1-

10); JOHN DOE PHYSICIANS (1-10); JANE DOE NURSES (1-20); and JANE MOE

TECHNICIANS (1-10) AND CNAs AND PARAMEDICAL EMPLOYEES (1-20);

is/are liable for the negligence, carelessness and recklessness of its employees and agents

under the doctrine of *Respondeat Superior.*

43.     As a direct and proximate result of the aforesaid negligence, carelessness

and recklessness of Defendants, SUNRISE OF LINCROFT; PRIME CARE ONE, LLC;

PCI, LLC; PRIME CARE CORP.; SUNRISE SENIOR LIVING, INC; SUNRISE

SENIOR LIVING MANAGEMENT, INC; ABC COMPANIES (1-10); DEF

PARTNERSHIPS (1-10); JOHN DOE PHYSICIANS (1-10); JANE DOE NURSES (1-

20); and JANE MOE TECHNICIANS (1-10) AND CNAs AND PARAMEDICAL

EMPLOYEES (1-20); the Plaintiff's decedent, MARIE BENEZIANO, sustained severe

personal injuries of both a permanent and temporary nature, was forced to endure great

pain and suffering; was forced to incur medical expenses for her care and treatment of her

injuries; and has ultimately suffered an untimely and premature death.

WHEREFORE, Plaintiff, The ESTATE OF MARIE BENEZIANO, by and

through her Executrices, DIANE QUADE and SUSAN PROVENCE, demands judgment

for general, compensatory and punitive damages, against the Defendants, SUNRISE OF

LINCROFT; PRIME CARE ONE, LLC; PCI, LLC; PRIME CARE CORP.; SUNRISE

STARK & STARK
ATTORNEYS AT LAW

SENIOR LIVING, INC; SUNRISE SENIOR LIVING MANAGEMENT, INC; ABC

COMPANIES (1-10); DEF PARTNERSHIPS (1-10); JOHN DOE PHYSICIANS (1-10);

JANE DOE NURSES (1-20); and JANE MOE TECHNICIANS (1-10) AND CNAs AND

PARAMEDICAL EMPLOYEES (1-20); individually, jointly, severally, or in the

alternative, together with attorney's fees, interest, and costs of suit.

**COUNT SEVEN**
**Breach of Contract**

44.    Plaintiff, The ESTATE OF MARIE BENEZIANO, by and through her

Executrices, DIANE QUADE and SUSAN PROVENCE, hereby incorporates each and

every allegation contained in paragraphs 1- 43 of this Complaint as if set forth at length

herein.

45.    At the time of admission, Plaintiff's decedent, MARIE BENEZIANO,

entered into a contract with Defendants, SUNRISE OF LINCROFT; PRIME CARE

ONE, LLC; PCI, LLC; PRIME CARE CORP.; SUNRISE SENIOR LIVING, INC;

SUNRISE SENIOR LIVING MANAGEMENT, INC; ABC COMPANIES (1-10); DEF

PARTNERSHIPS (1-10); JOHN DOE PHYSICIANS (1-10); JANE DOE NURSES (1-

20); and JANE MOE TECHNICIANS (1-10) AND CNAs AND PARAMEDICAL

EMPLOYEES (1-20).  By virtue of this contract, Defendants agreed to provide

reasonable and safe care for Plaintiff's decedent, MARIE BENEZIANO.  Pursuant to the

contractual agreement, and by operation of law, Defendants agreed to and were obligated

to provide appropriate care to Plaintiff's decedent, MARIE BENEZIANO, including but

not limited to adequate nursing, rehabilitative, dietary, custodial and psychosocial care.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
P.O. BOX 5315
PRINCETON, NEW JERSEY 08543-5315

46.    Furthermore, the contract, by operation of law, required the facility to comply with all State and Federal regulations covering long term care facilities.  Thus, Defendants were required to comply with the provisions of 42 C.F.R., Section 483.10 *et seq.*, 42 U.S.C., Section 1396 *et seq.*, N.J.A.C. 8:36 *et seq.*, and N.J.S.A. 30:13-1 *et seq.* as part of its contract with Plaintiff's decedent, MARIE BENEZIANO.

47.    In consideration for these services described above, Plaintiff agreed to pay and did pay a daily rate to the Defendants and further agreed to pay for additional services, charges, medications and equipment.

48.    The Defendants, by virtue of the acts described above, breached the above-referenced contract by failing to provide Plaintiff's decedent, MARIE BENEZIANO, with a safe and secure residence, by failing to provide proper and adequate care, by failing to provide promised goods and services, and by failing to prevent Plaintiff's decedent, MARIE BENEZIANO, from suffering injury and damages.

49.    As a direct and proximate result of the aforesaid breach of contract, the Plaintiff's decedent, MARIE BENEZIANO, sustained monetary damages in the form of monies paid to Defendants and pursuant to the contract, sustained additional consequential damages arising out of the breach of contract including additional expenses incurred for the care and treatment of Plaintiff's decedent, MARIE BENEZIANO, and sustained attorney's fees, costs and other out-of-pocket expenses.

WHEREFORE, Plaintiff, The ESTATE OF MARIE BENEZIANO, by and through her Executrices, DIANE QUADE and SUSAN PROVENCE, demands judgment for compensatory damages, attorney's fees, interest, and costs of suit against the Defendants, SUNRISE OF LINCROFT; PRIME CARE ONE, LLC; PCI, LLC; PRIME

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON NEW JERSEY 08543

CARE CORP.; SUNRISE SENIOR LIVING, INC; SUNRISE SENIOR LIVING

MANAGEMENT, INC; ABC COMPANIES (1-10); DEF PARTNERSHIPS (1-10);

JOHN DOE PHYSICIANS (1-10); JANE DOE NURSES (1-20); and JANE MOE

TECHNICIANS (1-10) AND CNAs AND PARAMEDICAL EMPLOYEES (1-20);

individually, jointly, severally, or in the alternative, and for such other and further relief

as the Court may deem equitable, appropriate and just.

**COUNT EIGHT**
**Punitive Damages**

50.     Plaintiff, The ESTATE OF MARIE BENEZIANO, by and through her

Executrices, DIANE QUADE and SUSAN PROVENCE, hereby incorporates each and

every allegation contained in paragraphs 1-49 of this Complaint as if set forth at length

herein.

51.     The aforementioned acts of the Defendants, SUNRISE OF LINCROFT;

PRIME CARE ONE, LLC; PCI, LLC; PRIME CARE CORP.; SUNRISE SENIOR

LIVING, INC; SUNRISE SENIOR LIVING MANAGEMENT, INC; ABC

COMPANIES (1-10); DEF PARTNERSHIPS (1-10); JOHN DOE PHYSICIANS (1-10);

JANE DOE NURSES (1-20); and JANE MOE TECHNICIANS (1-10) AND CNAs AND

PARAMEDICAL EMPLOYEES (1-20); were outrageous and performed willfully,

wantonly and with complete disregard for the rights of the Plaintiff's decedent, MARIE

BENEZIANO, and in reckless indifference to the rights of others, specifically, Plaintiff's

decedent, MARIE BENEZIANO, and her family, and those acts further shocked the

conscience of the community.

52.     As a direct and proximate result of the aforesaid outrageous, willful and

wanton acts, and complete disregard for Plaintiff's decedent, MARIE BENEZIANO, by

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
ORIGINAL OFFICES
P.O. BOX 5315
PRINCETON, NEW JERSEY 08543-5315

23

Defendants, SUNRISE OF LINCROFT; PRIME CARE ONE, LLC; PCI, LLC; PRIME

CARE CORP.; SUNRISE SENIOR LIVING, INC; SUNRISE SENIOR LIVING

MANAGEMENT, INC; ABC COMPANIES (1-10); DEF PARTNERSHIPS (1-10);

JOHN DOE PHYSICIANS (1-10); JANE DOE NURSES (1-20); and JANE MOE

TECHNICIANS (1-10) AND CNAs AND PARAMEDICAL EMPLOYEES (1-20); the

Plaintiff's decedent, MARIE BENEZIANO, sustained severe personal injuries of both a

permanent and temporary nature; was forced to endure great pain and suffering, and was

forced to incur medical expenses for her care and treatment for her injuries; and has

ultimately suffered an untimely and premature death.

WHEREFORE, Plaintiff, The ESTATE OF MARIE BENEZIANO, by and

through her Executrices, DIANE QUADE and SUSAN PROVENCE, demands judgment

for compensatory damages, attorney's fees, interest, and costs of suit against the

Defendants, SUNRISE OF LINCROFT; PRIME CARE ONE, LLC; PCI, LLC; PRIME

CARE CORP.; SUNRISE SENIOR LIVING, INC; SUNRISE SENIOR LIVING

MANAGEMENT, INC; ABC COMPANIES (1-10); DEF PARTNERSHIPS (1-10);

JOHN DOE PHYSICIANS (1-10); JANE DOE NURSES (1-20); and JANE MOE

TECHNICIANS (1-10) AND CNAs AND PARAMEDICAL EMPLOYEES (1-20);

individually, jointly, severally, or in the alternative, and for such other and further relief

as the Court may deem equitable, appropriate and just.

STARK & STARK
A Professional Corporation
Attorneys for Plaintiff(s)

By: _____
David R. Cohen, Esq.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NEW JERSEY 08543-5315

Dated: April 14, 2011

## JURY DEMAND

Plaintiff, The ESTATE OF MARIE BENEZIANO, by and through her Executrices, DIANE QUADE and SUSAN PROVENCE, hereby demands a trial by jury as to all issues.

## CERTIFICATION

Pursuant to the provisions of Rule 4:5-1, the undersigned attorneys certify that this matter is not the subject of any other action pending in any court or arbitration proceeding, nor is any other action or arbitration proceeding contemplated, and all known necessary parties have been joined in this action.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4 the Court is advised that David R. Cohen, Esq. is hereby designated as trial counsel.

## DEMAND FOR PRODUCTION OF COMPLETE CERTIFIED COLOR COPY OF MEDICAL AND NURSING RECORDS OF MARIE BENEZIANO AND ANY PHOTOGRAPHS

Plaintiff, The ESTATE OF MARIE BENEZIANO, by and through her Executrices, DIANE QUADE and SUSAN PROVENCE, hereby demands a certified, colored copy of Defendant's entire and complete medical records and chart, incident reports, adverse event reports, and color photographs, for MARIE BENEZIANO, be produced as they are kept in the usual course of business pursuant to R4:18-1(b)(1) and within the time period set out in Rule 4:18-1(b).

STARK & STARK
A TR WRQDS M . RAZ4AD R
MENISNS APLAY
MADING APIERSS
PO 328 / 319
MDN FOON, NFT JHABI 1C915456

25

## ~~DEMAND FOR PRODUCTION OF CERTIFIED COPY OF NURSE AIDES'~~ RECORDS

Plaintiff, The ESTATE OF MARIE BENEZIANO, by and through her Executrices, DIANE QUADE and SUSAN PROVENCE, hereby demands a certified, complete copy of all nurse aide flow sheets and/or any documents completed and/or signed by nurse aides pertaining to care and treatment of MARIE BENEZIANO during her time at defendant's facility. The records shall be produced as they are kept in the usual course of business pursuant to R4:18-1(b)(1) and within the time period set out in Rule 4:18-1(b).

## DEMAND FOR PRODUCTION OF ALL POLICIES AND PROCEDURES

Plaintiff, The ESTATE OF MARIE BENEZIANO, by and through her Executrices, DIANE QUADE and SUSAN PROVENCE, hereby demands a copy of all applicable Policies and Procedures relating to resident care and monitoring for all facilities, from 2008 through 2010.

## DEMAND FOR ANSWERS TO FORM C and C(3)INTERROGATORIES

Plaintiff, The ESTATE OF MARIE BENEZIANO, by and through her Executrices, DIANE QUADE and SUSAN PROVENCE, hereby demands answers to Form C Interrogatories in accordance with R4:17(b)(2).  Plaintiff further demands complete answers to all interrogatories pursuant to R4:17(b)(4).

STARK & STARK

26

## DEMAND FOR ANSWERS TO SUPPLEMENTAL INTERROGATORIES

Plaintiff, The ESTATE OF MARIE BENEZIANO, by and through her

Executrices, DIANE QUADE and SUSAN PROVENCE, hereby demands answers to the

following Supplemental Interrogatories in accordance with R4:17(b)(1):

1.      Please provide typewritten, legible, complete names of every lead care manager,

care manager, physician, physicians assistant, RN, LPN, advanced nurse practitioner,

nurse aide, and any other employee and/or agency nurse who signed the chart relating to

MARIE BENEZIANO.  Additionally, indicate whether each individual is an employee of

defendant facility and if not provide their last known address, telephone number and

social security number, and if defendant facility is claiming the individual is part of the

litigation control group.

2.      Please identify the name of the current administrator/executive director, assisted

living coordinator, and director of nursing (or equivalent position) at defendant facility.

Additionally, please identify the names of the administrators/executive directors, assisted

living coordinators, and directors of nursing at defendant facility during the time in which

MARIE BENEZIANO was a resident. Additionally, indicate whether each individual is

an employee of defendant facility and if not provide their last known address, telephone

number and social security number, and if defendant facility is claiming the individual is

part of the litigation control group.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
P.O. BOX 5315
PRINCETON, NEW JERSEY 08543-5315

27

3.     If answering defendant has ever been a named defendant in any other litigation,

please provide: date(s) of filing of complaint(s); name of plaintiff's attorney; case caption

to include docket number, state and county of venue; and names of all defense attorneys.


4.     Please provide any and all electronic mail (e-mail), electronically stored

communications, and/or electronically stored information, regarding MARIE

BENEZIANO.

**STARK & STARK**
**A Professional Corporation**
Attorneys for Plaintiff(s)

Dated:  April 14, 2011

By: David R. Cohen, Esq.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MARINA CROSSING
PO BOX 5315
PRINCETON, NEW JERSEY 08543-5315

## Affidavit of Merit

### Re: The Estate of Marie Beneziano v. Sunrise at Lincroft Assisted Living

I, Bonnie Tadrick RN-BC, LNC, CWCA, having been duly sworn according to the law, do hereby declare the following:

1. That I hold an active license as a Registered Nurse, licensed in the state of New Jersey and actively practicing since 1979.

2. That I have no financial interest in the outcome of the case under review.

3. That upon completion of my review of the medical records made available to me, it is my professional opinion that to within a reasonable degree of nursing probability the care, skill, or knowledge exercised or exhibited in the treatment, practice, or work performed by Sunrise at Lincroft Assisted Living in their care and treatment of Marie Beneziano fell outside acceptable standards of practice.

4. That this Affidavit is not intended to encompass all acts or omissions, which might fall below the acceptable standard of care, which might have been owed to Marie Beneziano. My opinions are based on the records presented to me for review and are subject to modifications as discovery progresses in this case or may otherwise become appropriate.

5. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


Bonnie Tadrick, RN-BC, LNC, CWCA

STATE OF NEW JERSEY

COUNTY OF _____

Sworn and subscribed to me before this ___ 19th ___ of _____ 2011

Susan A. Wilke
Notary Public of New Jersey
Commission Expires 09/05/2011

# Directory of Superior Court Deputy Clerk's Offices
## County Lawyer Referral and Legal Services Offices

| | | |
|---|---|---|
| **ATLANTIC COUNTY:**<br>DEPUTY CLERK OF THE SUPERIOR COURT<br>CIVIL DIVISION, DIRECT FILING<br>1201 BACHARACH BLVD., FIRST FL<br>ATLANTIC CITY, NJ 08401-<br>LAWYERS REFERRAL: (609)345-3444<br>LEGAL SERVICES: (609)348-4200 | **BERGEN COUNTY:**<br>DEPUTY CLERK OF THE SUPERIOR COURT<br>CIVIL DIVISION, ROOM 115<br>JUSTICE CENTER, 10 MAIN STREET<br>HACKENSACK, NJ 07601<br>LAWYERS REFERRAL: (201)488-0044<br>LEGAL SERVICES: (201)487-2166 | **BURLINGTON COUNTY:**<br>DEPUTY CLERK OF THE SUPERIOR COURT<br>CENTRAL PROCESSING OFFICE<br>ATTN: JUDICIAL INTAKE<br>FIRST FL, COURTS FACILITY<br>49 RANCOCAS ROAD<br>MOUNT HOLLY, NJ 08060<br>LAWYERS REFERRAL: (609)261-4862<br>LEGAL SERVICES: (800)496-4570 |
| **CAMDEN COUNTY:**<br>DEPUTY CLERK OF THE SUPERIOR COURT<br>CIVIL PROCESSING OFFICE<br>HALL OF JUSTICE<br>1ST FLOOR, SUITE 150<br>101 SOUTH 5TH STREET<br>CAMDEN, NJ 08103<br>LAWYERS REFERRAL: (856)964-4520<br>LEGAL SERVICES: (856)964-2010 | **CAPE MAY COUNTY:**<br>DEPUTY CLERK OF THE SUPERIOR COURT<br>9 N. MAIN STREET<br>CAPEMAY COURTHOUSE, NJ 08210<br>LAWYERS REFERRAL: (609)463-0313<br>LEGAL SERVICES: (609)465-3001 | **CUMBERLAND COUNTY:**<br>DEPUTY CLERK OF THE SUPERIOR COURT<br>CIVIL CASE MANAGEMENT OFFICE<br>60 WEST BROAD STREET<br>P.O. BOX 10<br>BRIDGETON, NJ 08302<br>LAWYERS REFERRAL: (856)696-SSSO<br>LEGAL SERVICES: (856)691-0494 |
| **ESSEX COUNTY:**<br>DEPUTY CLERK OF THE SUPERIOR COURT<br>CIVIL CUSTOMER SERVICE<br>HALL OF RECORDS, ROOM 201<br>465 DR. MARTIN LUTHER KING JR. BLVD.<br>NEWARK, NJ 07102<br>LAWYERS REFERRAL: (856)482-0618<br>LEGAL SERVICES: (973)624-4500 | **GLOUCESTER COUNTY:**<br>DEPUTY CLERK OF THE SUPERIOR COURT<br>CIVIL CASE MANAGEMENT OFFICE<br>ATTN: INTAKE<br>FIRST FLOOR, COURT HOUSE<br>1 NORTH BROAD STREET<br>WOODBURY, NJ 08096<br>LAWYERS REFERRAL: (856)848-4589<br>LEGAL SERVICES: (856)848-5360 | **HUDSON COUNTY:**<br>DEPUTY CLERK OF THE SUPERIOR COURT<br>SUPERIOR COURT, CIVIL RECORDS DEPT.<br>BRENNAN COURT HOUSE, 1ST FLOOR<br>583 NEWARK AVENUE<br>JERSEY CITY<br>LAWYERS REFERRAL: (201)798-2727<br>LEGAL SERVICES: (201)792-6363 |
| **HUNTERDON COUNTY:**<br>DEPUTY CLERK OF THE SUPERIOR COURT<br>CIVIL DIVISION<br>65 PARK AVENUE<br>FLEMINGTON, NJ 08822<br>LAWYERS REFERRAL: (908)735-2611<br>LEGAL SERVICES: (908)782-7979 | **MERCER COUNTY:**<br>DEPUTY CLERK OF THE SUPERIOR COURT<br>LOCAL FILING OFFICE, COURTHOUSE<br>175 S. BROAD STREET, P.O. BOX 8068<br>TRENTON, NJ 08650<br>LAWYERS REFERRAL: (609)585-6200<br>LEGAL SERVICES: (609)695-6249 | **MIDDLESEX COUNTY:**<br>DEPUTY CLERK OF THE SUPERIOR COURT<br>MIDDLESEX VICINAGE<br>2ND FLOOR- TOWER<br>56 PATERSON STREET, P.O. BOX 2633<br>NEW BRUNSWICK, NJ 08903<br>LAWYERS REFERRAL: (732)828-0053<br>LEGAL SERVICES: (732)249-7600 |
| **MONMOUTH COUNTY:**<br>DEPUTY CLERK OF THE SUPERIOR COURT<br>COURT HOUSE<br>P.O. BOX 1269<br>FREEHOLD, NJ 07728<br>LAWYERS REFERRAL: (732)431-5544<br>LEGAL SERVICES: (732)866-0020 | **MORRIS COUNTY:**<br>MORRIS COUNTY COURTHOUSE<br>CIVIL DIVISION<br>WASHINGTON AND COURTS STREETS<br>P.O. BOX 910<br>MORRISTOWN, NJ 07963<br>LAWYERS REFERRAL: (973)267-5882<br>LEGAL SERVICES: (973)285-6911 | **OCEAN COUNTY:**<br>DEPUTY CLERK OF THE SUPERIOR COURT<br>118 WASHINGTON STREET, ROOM 121<br>P.O. BOX 2191<br>TOMS RIVER, NJ 08754<br>LAWYERS REFERRAL: (732)240-3666<br>LEGAL SERVICES: (732)341-2727 |
| **PASSAIC COUNTY:**<br>DEPUTY CLERK OF THE SUPERIOR COURT<br>CIVIL DIVISION<br>COURT HOUSE<br>77 HAMILTON STREET<br>PATERSON, NJ 07505<br>LAWYERS REFERRAL: (973)278-9223<br>LEGAL SERVICES: (973)523-2900 | **SALEM COUNTY:**<br>DEPUTY CLERK OF THE SUPERIOR COURT<br>ATTN: CIVIL CASE MANAGEMENT OFFICE<br>92 MARKET STREET<br>SALEM, NJ 08079<br>LAWYERS REFERRAL: (856)678-8363<br>LEGAL SERVICES: (856)451-0003 | **SOMERSET COUNTY:**<br>DEPUTY CLERK OF THE SUPERIOR COURT<br>CIVIL DIVISION<br>P.O. BOX 3000<br>40 NORTH BRIDGE STREET<br>SOMERVILLE, NJ 08876<br>LAWYERS REFERRAL: (908)685-2323<br>LEGAL SERVICES: (908)231-0840 |
| **SUSSEX COUNTY:**<br>DEPUTY CLERK OF THE SUPERIOR COURT<br>SUSSEX COUNTY JUDICIAL CENTER<br>43-47 HIGH STREET<br>NEWTON, NJ 07860<br>LAWYERS REFERRAL: (973)267-5882<br>LEGAL SERVICES: (973)883-7400 | **UNION COUNTY:**<br>DEPUTY CLERK OF THE SUPERIOR COURT<br>1ST FL, COURT HOUSE<br>2 BROAD STREET<br>ELIZABETH, NJ 07207<br>LAWYERS REFERRAL: (908)353-4715<br>LEGAL SERVICES: (908)354-4340 | **WARREN COUNTY:**<br>DEPUTY CLERK OF THE SUPERIOR COURT<br>CIVIL DIVISION OFFICE<br>413 SECOND STREET<br>BELVIDERE, NJ 07823<br>LAWYERS REFERRAL: (973)267-5882<br>LEGAL SERVICES: (908)475-2010 |